**FILED**

**September 9, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 7:15 AM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| **ZECHARIAH HARRIS**<br>　　　**Employee,**<br><br>**v.**<br><br>**SUBWAY,**<br>　　　**Employer,**<br><br>**and**<br><br>**ZURICH NORTH AMERICA**<br>　　　**Insurance Carrier.** | **Docket No. 68533-2014**<br><br>**State File No. 2014-06-0018**<br><br>**Date of Injury: July 23, 2014**<br><br>**Judge: Joshua Davis Baker** |

---

## EXPEDITED HEARING ORDER DENYING TEMPORARY DISABILITY AND MEDICAL BENEFITS

---

THIS CAUSE came to be heard before the undersigned Workers' Compensation Judge on August 19, 2015, upon the Request for Expedited Hearing filed by Zechariah Harris, the employee, on July 8, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014), to determine if the Employer, Subway, is obligated to provide medical and temporary disability benefits. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Mr. Harris is not entitled to temporary disability or medical benefits at this time.

## ANALYSIS

### Issues

1. Whether Subway must provide Mr. Harris past medical benefits and mileage for his alleged workplace injury.

2. Whether Subway must provide Mr. Harris additional medical care for his alleged

1

injury.

3. Whether Subway must provide Mr. Harris temporary disability benefits for the alleged injury.

4. Whether Mr. Harris sustained an injury that arose out of and in the course and scope of his employment for Subway, and, if he did, the date on which he suffered the injury.

**Evidence Submitted**

The Court admitted into evidence the exhibits below:

1. Affidavit of Zechariah Harris;
2. Discharge record from Nashville General Hospital at Meharry; and
3. Medical Certificate.

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD) dated August 28, 2014;
- Dispute Certification Notice (DCN) dated December 29, 2014;
- Order on Show Cause Hearing dated May 6, 2015;
- Request for Expedited Hearing dated May 8, 2015;
- Amended Request for Expedited Hearing dated July 8, 2015;
- Subway's prehearing brief; and
- Subway's witness and exhibit list.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

Mr. Harris provided in-person testimony.

**History of Claim**

Mr. Harris is thirty-two-year-old resident of Davidson County, Tennessee. Mr. Harris stated in "the month of July," there were spiders and ants inside the Subway where he worked and in the area around the outside of the store. (Ex. 1.) He testified that he killed many spiders in the store. The store owner, Sam Patel, had the store sprayed for bugs but the treatment did not solve the bug problem.

2

On or around July 20, 2014, Mr. Patel told Mr. Harris to put on some "Subway gloves," go outside and pull weeds growing around the building. Mr. Harris pulled the weeds and tore the glove in the process. After pulling the weeds, he went back inside the store to prepare sandwiches for customers. Sometime after pulling the weeds, Mr. Harris' hand began to itch.

Mr. Harris returned to work at Subway the following day. During his shift, Mr. Harris noticed a spider in the store. He did not know if the spider bit him. Soon thereafter, his right hand began to swell.[1] He reported the swelling to Mr. Patel, and Mr. Patel told him to go to the hospital. He went to the emergency room Nashville General Hospital at Meharry (Meharry), where he received antibiotics and pain pills.

Mr. Harris returned to work the following day. However, the swelling and pain increased and Mr. Harris began to feel dizzy. Mr. Harris called Mr. Patel and informed him that he felt dizzy and needed to go to the hospital. Mr. Patel sent another employee to operate the store and Mr. Harris returned to Meharry.

On July 22, 2014, Mr. Harris was admitted to Meharry with swelling, pain and redness in his right hand. He remained at Meharry until July 24, 2014, when the hospital discharged him with diagnoses of cellulitis and asthma.[2] (Ex. 2.) Although the discharge summary does not mention a spider bite, Mr. Harris testified he told Meharry providers a spider bit him.

Providers at Meharry prescribed Cipro, ibuprofen and an iron tablet, and instructed Mr. Harris to follow up with an orthopedic specialist. *Id.* The record does not indicate providers at Meharry operated on his hand. *Id.* The parties did not present any additional medical records at the hearing.

After his release from the hospital, Mr. Harris asked Mr. Patel about workers' compensation for his injury. Allegedly, Mr. Patel told Mr. Harris, "I don't do workers' comp." Mr. Patel then instructed Mr. Harris to provide Mr. Patel's phone number to the hospital and have the hospital contact him. Mr. Harris told Mr. Patel that the system did not work that way. Mr. Patel became angry and told Mr. Harris to turn in his keys and leave the store.

On September 11, 2014, Dr. Katina Stevens completed a "Medical Certificate" with information concerning Mr. Harris' condition. (Ex. 3.) The certificate indicated that she treated Mr. Harris for cellulitis of the right finger, and further indicated that the condition "necessitated" him "leaving usual work" from July 21 to August 7, 2014. *Id.*

---

[1] Mr. Harris testified that his hand began "knotting up a little bit with holes all in it." The Court cannot determine whether he noticed his condition on July 20 or July 21.

[2] Mr. Harris incorrectly testified that he stayed in the hospital for four or five days.

Dr. Stevens did not indicate whether Mr. Harris' last period of work caused his cellulitis condition. *Id.*

Mr. Harris filed a PBD on August 28, 2014, seeking temporary disability and medical benefits. The parties did not resolve the disputed issues through mediation and the Mediation Specialist filed the DCN on December 29, 2014. When neither party filed a request for hearing, the Court convened a show cause hearing and issued an order allowing Mr. Harris additional time to request a hearing. Mr. Harris filed a Request for Expedited Hearing on May 8, 2015, and an amended Request for Expedited Hearing on July 8, 2015.

### Mr. Harris' Contentions

Mr. Harris argues that he suffered a compensable injury as a result of spider bite suffered while either pulling weeds or making sandwiches at Subway. He asks that the Court order Subway to pay him temporary disability and medical benefits, and reimburse him mileage costs for travel to medical appointments.

### Subway's Contentions

Subway argues that Mr. Harris failed to carry his burden of proving a compensable workplace injury. Mr. Harris has not shown a specific set of incidents, identifiable by time and place of occurrence, which caused the alleged injury. Mr. Harris failed to even identify the date the incident occurred. Furthermore, Mr. Harris has not provided adequate medical proof of causation.

Concerning payment of past medical bills and temporary disability benefits, Mr. Harris failed to present receipts for the medical bill payments or any evidence concerning the period of time he could not work because of the alleged injury. Subway asks the Court to deny Mr. Harris' claim for benefits.

### Findings of Fact and Conclusions of Law

*Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward

with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

*Factual Findings*

The Court finds that on July 20, 2015, Mr. Harris pulled weeds growing outside Subway. The Court finds that Mr. Harris pulled the weeds on July 20 based on his testimony and the Meharry discharge record. The record shows that Meharry admitted Mr. Harris to the hospital on July 22, 2015. Mr. Harris testified that his hand began itching the day after he pulled the weeds, July 21, 2015, and that he was admitted to Meharry the following day, when he became dizzy, and his hand became swollen and painful. Mr. Patel, the Subway owner, instructed Mr. Harris to pull the weeds.

On July 21, 2015, Mr. Harris' hand began itching and swelling. That same day, Mr. Harris saw a spider in the store but does not know if a spider bit him. He also developed a knot in his hand that had little holes on it. Mr. Harris told Mr. Patel about the itching and swelling, and Mr. Patel told him to go to the hospital. Mr. Harris went to Meharry, where providers gave him antiobitics and pain pills before releasing him.

On July 22, 2015, Mr. Harris returned to work at Subway. During his shift, the swelling and pain in Mr. Harris' hand intensified. He also became dizzy. Mr. Harris told Mr. Patel he needed to go to the hospital. He returned to Meharry, where providers admitted him. Mr. Harris remained there for two days. On July 24, Meharry discharged Mr. Harris with a diagnosis of cellulitis of the right finger. The medical records do not indicate the cause of the cellulitis.

After being released from the hospital,l Mr. Harris returned to Subway and inquired about workers' compensation coverage. Mr. Patel declined Mr. Harris treatment under workers' compensation. Subsequently, Mr. Patel fired Mr. Harris.

*Application of Law to Facts*

In order for the Court to rule in Mr. Harris' favor at this Expedited Hearing, Mr. Harris must set forth a prima facie case of an injury by accident that leads the Court to finds he is likely to prevail a hearing on the merits. While it is an extremely close issue, the Court finds that Mr. Harris has failed to carry his burden at this time.

Under the Workers' Compensation Law, an injury is accidental "only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the

5

injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014).

The statutory requirements that an injury arise out of and in the course of the employment are not synonymous "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance*, 164 S.W.3d 350, 354 (Tenn. 2005). An injury occurs in the course of employment if it takes place while the employee performs a duty he or she is employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. 1993). Thus, the "course of employment" requirement focuses on the time, place, and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005).

"Arising out of employment" refers to causation. *Reeser v. Yellow Freight Sys.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the resulting injury and the conditions under which the work is required to be performed. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). Stated another way, an injury arises out of employment when it "has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.,* 833 S.W.2d 496, 498 (Tenn. 1992). Except in "the most obvious, simple and routine cases," a workers' compensation claimant must establish by expert medical testimony that he or she is injured and that there exists a causal relationship between the injury and the claimant's employment activity. *Wheetley v. State*, No. M2013-01707-WC-R3-WC, 2014 Tenn. LEXIS 476 (Tenn. Workers' Comp. Panel June 25, 2014) (citing *Excel Polymers, LLC v. Broyles*, 302 S.W.3d 268, 274 (Tenn. 2009); *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008)).

The proof in this case shows that Mr. Harris pulled weeds outside Subway on July 20, 2015, pursuant to instruction by the owner, Mr. Patel. He tore his glove while pulling weeds. Mr. Harris did not testify that he suffered a cut or scratch on his hands while pulling the weeds.

The following day, Mr. Harris developed itching and swelling in his right hand. He also testified that he noticed a knot with holes in it on his right hand.

Mr. Harris testified that there were many spiders in the store and specifically testified to seeing one on July 21, 2015. However, he does not know whether a spider in the store bit him, a spider bit him while he pulled weeds, or if something else happened when he pulled weeds. He maintains steadfastly, however, that he must have encountered the mechanism that caused his hand to swell at work, essentially because there is no other explanation.

Meharry diagnosed him with cellulitis of the right finger after admitting him to the hospital to treat his swollen hand. Mr. Harris, however, presented none of the medical records from this hospital visit that would indicate what caused him to develop cellulitis.

6

Although it is not necessary for Mr. Harris to prove medical causation in order to receive temporary medical benefits, *See McCord*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*17-19, the information contained in the records may have helped the Court to better understand exactly what caused Mr. Harris' hand to swell, especially in light of his nonspecific testimony about the injury causing event. Based on the evidence before it at this time, the Court does not find that Mr. Harris is likely to prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Harris' request for temporary disability and medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on October 13, 2015, at 11:30 a.m.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

ENTERED ON THIS THE 9^TH^ DAY OF SEPTEMBER, 2015.

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

Initial Hearing:

A Scheduling Hearing has been set with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note:** **You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without**

7

**your further participation.  All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.**  Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment.  Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service.  In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee.  The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter.  The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable.  **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal.  Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk

within three business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the __9th__ day of September, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|---------------|-----------------|---------|-----------|-----------|---------------|
| Zechariah Harris | | | | | x | zach81harris@gmail.com |
| Brent Wilkins | | | | | x | bwilkins@wimberlylawson.com |
| Margaret Noland | | | | | x | mnoland@wimberlylawson.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**